IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Peter Paul Mitrano, et al, | ) | |
| Plaintiffs, | ) | |
| v. | ) | 1:02cv1841 (JCC) |
| Christopher J. Hawes, | ) | |
| Defendant. | ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Peter Paul Mitrano's request to reconsider Magistrate Portez's Order of January 24, 2005 denying Plaintiff's motion for a default judgment against the Defendant, Chistopher J. Hawes. For the reasons stated below, the Court will deny Plaintiff's motion.

### **I. Background**

Plaintiff, Peter Paul Mitrano, filed a complaint against Defendant, Christopher J. Hawes, for failure to pay for legal services. On March 4, 2003, this Court granted Defendant's motion to dismiss for lack of proper venue under 28 U.S.C. § 1391(a)(2) and subsequently dismissed the complaint without prejudice. *See Mitrano v. Hawes*, Civil Case No. 02-1841, slip op. (E.D. Va. March 4, 2003). Although Plaintiff, at the same time, filed a motion for summary judgment, the Court did not

-1-

reach the merits due to the dismissal on venue grounds.  On appeal, the Fourth Circuit, rejecting the basis provided by the Court for the lack of venue determination, vacated the dismissal order and remanded the case; the Fourth Circuit did not address the issue of summary judgment.  *See Mitrano v. Hawes*, 377 F.3d 402 (4th Cir. 2004).  On December 29, 2004, the Court dismissed Plaintiff's motion for summary judgment.

On January 4, 2005, the Plaintiff requested that the Court enter a default judgment against the Defendant.  The Defendant filed his answer on January 11, 2005.  On January 13, 2005, the Plaintiff filed a motion to direct the Clerk to enter a default judgment against the Defendant, or alternatively, strike the out-of-time answer filed by the Defendant.  Additionally, in this motion the Plaintiff requested that the Defendant identify any ghostwriter of the answer submitted by the Defendant.  By Order dated January 24, 2005, Magistrate Judge Poretz denied Plaintiff's motion for entry of a default judgment and denied Plaintiff's alternative motion to strike the answer.  Finally, the Order denied Plaintiff's request for Defendant to identify the ghostwriter of the Defendant's answer.

On February 3, 2005, the Plaintiff filed a Request that a Judge Reconsider the Magistrate's Order dated January 24, 2005 due to erroneous statements made by the Defendant to the Magistrate Judge in Defendant's opposition to Plaintiff's motion

for a default judgment.  Additionally, the Plaintiff requests that the Court order the Defendant to identify the name of the ghostwriter of the answer that was filed pro se by the Defendant.  These matters are currently before the Court.

## II. Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on nondispositive matters.  The review of a magistrate's order on nondispositive matters is governed by the "clearly erroneous or contrary to law" standard of review.  *See Jesselson v. Outlet Assocs. of Williamsburg, Ltd. Partnership*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991).  A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985).

## III. Analysis

Plaintiff requests that this Court correct erroneous statements made to the Magistrate Judge concerning whether Defendant filed a timely answer leading up to the January 24, 2005 Order.  The allegedly erroneous statement at issue here was made in Defendant's opposition to Plaintiff's motion for a default judgment.  Plaintiff finds the following statement in

Defendant's opposition papers erroneous: "the Plaintiff commented [during the hearings on Plaintiff's motion for summary judgment] that should his Motion for Summary Judgment be denied, he would not object to a 30-day extension for Defendant to obtain new Local Counsel.  It is Defendant's understanding that he had at least 30 days from the date of that Order to obtain new Local Counsel."

A statement of one's own understanding cannot be erroneous by definition.  Therefore, nothing about Defendant's own understanding is objectionable.  The statement that Plaintiff would not object to a 30-day extension is likewise not erroneous because this statement is simply a recitation of what the Plaintiff said before this Court at the hearing regarding Plaintiff's motion for summary judgment.  In fact, in his current Request, Plaintiff includes the portion of the transcript where he says before this Court, "if the Court rules against me on summary judgment, I don't object to a 30-day delay."  Plaintiff cannot claim a recitation of his own words is an erroneous statement to the Magistrate Judge.

Further, Defendant's failure to provide Plaintiff with a courtesy copy of the Defendant's opposition until the day of the hearing does not make statements that are otherwise valid into erroneous statements.  Likewise, the Magistrate Judge's failure to review the transcript of the hearing on Plaintiff's

motion for summary judgment before ruling on the decision of whether Defendant's answer was timely does not make an otherwise valid decision erroneous.  Therefore, the Court does not find that the Magistrate Judges' Order of January 24, 2005 is clearly erroneous.

The Court denies Plaintiff's request to require Defendant to identify the name of any ghostwriter utilized in the preparation of Defendant's pro se answer.  Plaintiff merely asserts that he believes that the answer was written by someone other than the pro se litigant.  Moreover, there is no rule or law Plaintiff can rely upon to support such a request.

### IV. Conclusion

For the reasons stated above, the Court will deny Plaintiff's request that a judge reconsider the Magistrate's Order dated January 24, 2005.  An appropriate Order will issue.

September 14 , 2005                _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                            UNITED STATES DISTRICT COURT JUDGE